IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  05-10184-01-WEB |
| ) | |
| JAMES S. TAYLOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### Memorandum and Order

This matter came before the court on May 8, 2006, for a hearing on the defendant's objections to the Presentence Report and for sentencing. The court ruled orally on the objections in the course of the sentencing hearing. This written memorandum will supplement the court's oral ruling.

The defendant filed two objections to the Presentence Report. He also filed a sentencing memorandum asking for imposition of the mandatory minimum sentence of 60 months' imprisonment.

Defendant's first objection concerned the application of a 3-level enhancement in paragraph 35 of the Report for an offense involving between 150 and 300 images. Defendant's second objection concerned application of a 2-level enhancement in paragraph 32 for images involving prepubescent minors or minors under the age of 12, and also a 4-level enhancement in paragraph 33 for images portraying sadistic or masochistic conduct or other depictions of violence. At the outset of the sentencing hearing, defense counsel announced that the defendant intended to withdraw his objections on these matters. Accordingly, the court denied the objections to the Presentence Report as moot.

Defendant also argued that the factors in 18 U.S.C. § 3553(a) warranted imposition of the mandatory minimum sentence of 60 months' imprisonment. After consideration of the statutory factors,

including the advisory guideline range of 97-121 months, the court concluded that a sentence of 72 months represents a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  After reviewing the nature and circumstances of the offense, and the history and circumstances of the defendant, the court is satisfied that the 72-month sentence, together with a 3-year term of supervised release with mandatory and special conditions, and the other terms of sentencing including imposition of a $10,000 fine, will provide for just punishment, reflect the seriousness of the offense and promote respect for the law, as well as promote deterrence from further criminal behavior and protect the public from further crimes of the defendant.  It will also provide the defendant with needed treatment.   The court further concludes after hearing from the parties that the defendant is an appropriate candidate for voluntary surrender.  Voluntary surrender is therefore permitted.

*Conclusion*.

Defendant's objections to the Presentence Report are DENIED as moot.  The court finds that a custodial sentence of 72 months' imprisonment on Counts 1 and 2, with each count to run concurrently, followed by a 3-year term of supervised release, together with the other terms and conditions of sentence imposed, represents a reasonable sentence in light of the factors in 18 U.S.C. § 3553(a).

The Probation Officer in charge of this case shall see that a copy of this order is made available to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this    9th     Day of May, 2006, at Wichita, Ks.

s/Wesley E. Brown

Wesley E. Brown

U.S. Senior District Judge